UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| SAMUEL SUTTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:17-cv-01532-JMS-TAB |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**Entry Dismissing Action
And Directing Entry of Final Judgment**

Petitioner Samuel Sutton commenced this prison disciplinary habeas corpus action on May 10, 2017, challenging discipline imposed in prison disciplinary case number IYC 17-02-0017. Respondent on August 8, 2017, moved to dismiss the action as moot because the discipline matter had been reconsidered and the guilty finding and sanctions vacated. *See* dkt. 10.

Sutton did not respond to the motion to dismiss, and on September 21, 2017, the Court directed him to respond if he wished to be heard on the motion, and to file any response no later than October 6, 2017. The Court cautioned Sutton that a failure to file a response would result in the motion to dismiss being addressed as unopposed or confessed. Sutton did not respond.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S.

305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). The development described above, being that the finding of misconduct was vacated and the sanctions rescinded, renders the action moot.

A case which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Respondent's unopposed motion to dismiss shows that there is no case or controversy because all sanctions at issue have been vacated. Accordingly, this case is moot. The motion to dismiss, dkt. [10], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/11/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Samuel Sutton
978655
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

James Boyer
INDIANA ATTORNEY GENERAL
james.boyer@atg.in.gov